**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMER H. FAWAZ,

    Petitioner,

v.

    Case No. 2:22-CV-11595
    HONORABLE DENISE PAGE HOOD

NOAH NAGY,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING THE SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Samer H. Fawaz, ("Petitioner"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted in 2005 in the Macomb County Circuit Court of second-degree murder. Petitioner seeks immediate release from prison based on the current Coronavirus Pandemic and his fear that he might be infected with the disease. Petitioner also challenges a number of other conditions of confinement at the G. Robert Cotton Correctional Facility.

The present petition constitutes a second or "successive" habeas petition within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred

1

to the Court of Appeals so that petitioner may obtain permission to file a successive petition for a writ of habeas corpus.

## I. Background

Petitioner was convicted of second-degree murder in 2005 by a jury in the Macomb County Circuit Court.

Petitioner filed a petition for a writ of habeas corpus, challenging this conviction. The petition was denied on the merits. *Fawaz v. Wolfenbarger*, No. 09-14965, 2013 WL 1395794 (E.D. Mich. Apr. 5, 2013), *aff'd* No. 13-1508 (6th Cir. Aug. 13, 2014).

Petitioner in his current petition seeks to be released from prison on the sentence that he is serving for second-degree murder. Petitioner's claim is based on the Coronavirus or Covid-19 pandemic and his fear that he might contract the disease, in spite of efforts undertaken by the Michigan Department of Corrections to prevent the spread of Coronavirus in the prisons. Petitioner also challenges a number of other prison conditions in his petition and seeks to be released from prison based on those conditions as well.

## II. Discussion

Where a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally

2

sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim. See *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)(citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable in a habeas petition. *Id.* (citing *Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's habeas petition, construed liberally, seeks release from custody on the ground that he is in danger of contracting the Coronavirus while incarcerated. Petitioner claims that a number of the conditions at the R. Robert Cotton Correctional Facility are substandard and cannot be remedied. The petition thus states a cognizable claim for habeas relief.

Petitioner, however, has already filed a habeas petition challenging his conviction for second-degree murder.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court

3

must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner's challenge to the conditions of his confinement in order to obtain release on his second-degree murder conviction is a successive habeas petition within the meaning of § 2244(b); this Court is without jurisdiction to entertain the habeas petition in the absence of authorization from the Sixth Circuit to permit petitioner to file this petition. *See Cummings v. Horton,* No. 2:21-CV-11067, 2021 WL 2253537, at *2 (E.D. Mich. May 24, 2021)("Petitioner's challenge to the conditions of his confinement in order to obtain release on his conviction is a successive habeas petition within the meaning of § 2244(b); this Court lacks jurisdiction to entertain the habeas petition in the absence of authorization from the Sixth Circuit to permit

4

Petitioner to file this petition."). *See also Anderson v. Winn*, No. 2:20-CV-12047, 2020 WL 4583841, at *2 (E.D. Mich. Aug. 7, 2020)("Petitioner's challenge to the conditions of his confinement in order to obtain release on his second-degree murder and felony-firearm convictions is a successive habeas petition within the meaning of § 2244(b). This Court is thus without jurisdiction to entertain the habeas petition in the absence of authorization from the Sixth Circuit to permit petitioner to file this petition."). Petitioner does not seek in his current petition to improve the conditions of confinement. Instead, petitioner seeks to be released from custody on a conviction for which he has already been denied habeas relief. The current habeas petition is an unauthorized successive habeas petition that petitioner cannot file without first obtaining permission from the Sixth Circuit to do so. *Id.*

Finally, the mere fact that petitioner is seeking habeas relief under 28 U.S.C. 2241 and not under 28 U.S.C. 2254 does not absolve him of the need to obtain permission from the Sixth Circuit to file a successive habeas petition. The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 apply to habeas petitions filed under 28 U.S.C. § 2241 by a person who is in custody pursuant to a state court judgment. *See Rittenberry v. Morgan,* 468 F.3d 331, 336-37 (6th Cir. 2006). Petitioner must therefore seek authorization from the Sixth

5

Circuit under § 2244(b) before filing this petition, even though it was filed pursuant to 28 U.S.C. § 2241. *Rittenberry*, 468 F.3d at 338.[1] The Court shall transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/Denise Page Hood  
Denise Page Hood  
United States District Court

Dated: October 28, 2022

---

[1] To the extent that petitioner wishes to challenge the conditions of confinement at the Cotton Correctional Facility in order to improve the conditions at the prison where he is incarcerated, he is free to file a separate civil rights complaint pursuant to 42 U.S.C. § 1983.